IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| JULIE MALDONADO, | ) | CASE NO. 1:20-CV-01460 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action under 42 U.S.C. § 405 by Julie Maldonado seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Maldonado's 2017 application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to terms of

---

[1] ECF No. 8. The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Dan Aaron Polster.
[2] ECF No. 1.
[3] ECF No. 12.
[4] ECF No. 13.

my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental fact sheets[8] and charts.[9] They have met and conferred with the objective of clarifying or reducing the issues,[10] and have participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be remanded.

## The ALJ's Opinion

By way of background, Maldonado, who was 49 years old at the time of the hearing,[12] has an eighth-grade education[13] and last worked in 2005 in a retail store.[14] She stated at the hearing that she lives alone, has difficulty with household tasks and takes transit to visit her daughter,[15] although in October of 2018 she reported that she was homeless and "couch surfing" in the homes of various friends and family.[16] She also testified that she has been seeing a psychiatrist for ten years.[17]

---

[5] ECF No. 5.
[6] ECF No. 14.
[7] ECF Nos. 17 (Maldonado), 20 (Commissioner).
[8] ECF Nos. 16 (Maldonado), 20, Attachment (Commissioner).
[9] ECF No. 17, Attachment (Commissioner).
[10] ECF No. 21.
[11] ECF No. 23.
[12] Tr. at 27.
[13] *Id*. at 158.
[14] *Id*. at 159.
[15] *Id*. at 163-64.
[16] *Id*. at 25.
[17] *Id*. at 159.

In addition, Maldonado earlier filed another application for benefits in 2013.[18] That claim was denied in 2015.[19] Thus, the ALJ here found that, under the holding of *Drummond v. Commissioner*,[20] *res judicata* required the present ALJ to accept the findings of the prior ALJ, absent evidence of improvement in Maldonado's condition.[21] He further found that new evidence since that decision showed new severe impairments that imposed additional and greater functional limitations such that the present ALJ was not bound by findings from the prior decision.[22]

That said, the ALJ found that Maldonado has the following severe impairments: degenerative disc disease, dysfunction of major joints (knees) and depressive disorder.[23] In addition, the ALJ found that Maldonado has the following non-severe impairments: diabetes mellitus, and alcohol and drug addictions.[24]

He then addressed whether any impairment or combination of impairments met or medically equaled a listing.[25] To that end, the ALJ considered Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), and 12.04 (depressive, bipolar and related disorders).[26]

---

[18] *Id*. at 16.
[19] *Id*.
[20] 126 F.3d 837 (6th Cir. 1997).
[21] Tr. at 16.
[22] *Id*.at 17.
[23] *Id*. at 19.
[24] *Id*. at 20.
[25] *Id*.
[26] *Id*.

As to Listing 1.02, the ALJ noted that the listing requires the involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively as described in Listing 1.00B2b.[27] He concluded that because the evidence does not show Maldonado has this degree of difficulty in ambulating, she cannot meet the listing.[28]

Next, as to Listing 1.04, the ALJ observed that Maldonado's degenerative disc disease does not meet the requirements of the listing because there is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight leg raising. Further, the record did not show spinal arachnoiditis or lumbar spinal stenosis. Thus, he found that Maldonado did not meet the listing.[29]

Finally, as to Listing 12.04, the ALJ addressed the four B criteria. In that regard, he found that Maldonado has moderate limitations in all four areas: (1) understanding, remembering and applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; (4) adapting or managing oneself.[30] In all four areas, the ALJ noted that the opinions of the state agency psychological consultants also stated that Maldonado had moderate limitations and that the ALJ assigned great weight to these

---

[27] *Id*.

[28] *Id*.

[29] *Id.*

[30] *Id*. at 21.

opinions.[31] He also observed that no state agency consultant found that a mental listing is medically equaled.[32]

Then, the ALJ found that Maldonado has the residual functional capacity (RFC) for light work, with the following exceptions: She can frequently climb ramps or stairs. She can never climb ladders, ropes or scaffolds. She can occasionally stoop. She can frequently kneel, crouch or crawl. She can understand, remember and carry out simple instructions in a routine work setting. She can occasionally make work-related decisions. She can respond appropriately to supervisors, coworkers and work situations if the tasks are goal-oriented, but not at a production rate pace, and the occupation does not require more than superficial interaction, meaning that the worker function of the occupation in relation to people is limited to "Taking instructions-Helping" as this is defined in the *Selected Characteristics of Occupations* (SCO).

In arriving at the RFC, the ALJ considered Maldonado's own testimony, which the ALJ found to be "not entirely consistent" with the objective evidence.[33]

As regards that objective evidence, the ALJ documented a series of clinical reports beginning in July of 2018 where Maldonado complained of lower back pain and the clinical evidence was consistent with such pain. Specifically, on July 12, 2018 Maldonado complained that her back pain had been getting worse over the last two months, with

---

[31] *Id*.
[32] *Id*. at 22.
[33] *Id*. at 23.

prolonged standing or sitting making it worse.[34] The clinical evidence showed disc narrowing at L5-S1, hypertrophic degenerative changes of the facet joints at the L4-5 and L5-S1. The next month – August 2018 – Maldonado was reporting that the pain was worse, describing the pain as "sharp, aching and dull."[35] The physical examination at that time was unchanged from that done in July.[36]

Maldonado then underwent multiple nerve blocks on September 28, 2018, followed by multiple nerve radiofrequency ablations on October 29, 2018.[37] When she was next examined on January 9, 2019, she reported that her symptoms were slightly worse, since she had fallen a few days earlier.[38] More significantly, she also reported that she received "100%" pain relief from injections, although the relief lasted just 48 hours.[39] She described having "80%" pain relief from the radiofrequency ablation that last until her fall.[40] An x-ray at that time showed "milder" degenerative changes and "moderate" facet arthropathy in the lower lumbar spine.[41] She was diagnosed with "degeneration of the lumbar or lumbosacral invertebral disc, chronic lower back pain with bilateral sciatica, spinal stenosis of the lumbar region without neurogenic claudication, and facet arthropathy.[42]

---

[34] *Id.*

[35] *Id.*

[36] *Id*.

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] *Id*.

[41] *Id.*

[42] *Id*. at 24.

As to mental health, the ALJ reviewed clinical records from March 6, 2017 through October 11, 2018. [43] The reports from April, May, July and October 2018 all stated that he mental condition was unchanged from February 2018, when she was reported as being depressed, but taking her medication properly and without side effects.[44]

As for opinion evidence, the ALJ considered the October 11, 2018 opinion of Dr. Lorraine Christian, M.D. Maldonado's treating physician and a psychiatrist.[45] The opinion – a brief, two sentence letter addressed "to whom it may concern"- simply states that Maldonado is currently receiving services at Nord Behavioral Healthcare is and unable to sustain full time employment because of chronic illness.[46]The ALJ stated that because Christian is a treating physician, her opinion must be considered, but because the opinion is a conclusion on an issue reserved to the Commissioner, and involves an issue – the capacity to sustain employment – that "exceeds the expertise" of Dr. Christian, the opinion is not entitled to controlling weight nor to any "special significance."[47]

The ALJ then addressed the June 5, 2017 opinion of Dr. Timothy Budnick, D.O., a state agency medical consultant and the January 15, 2018 opinion of Dr. Anne Prospero. D.O., another state agency medical consultant who reviewed and affirmed Dr. Budnik's medical functional opinion.[48] Similarly, the ALJ noted an April 28, 2017 opinion from

---

[43] *Id*. at 24-25.

[44] *Id*. at 25.

[45] *Id*. at 25.

[46] *Id*. at 664.

[47] *Id*. at 25.

[48] *Id*. at 25-26.

Kristen Haskins, Psy.D., a state agency consultant who reviewed Maldonado's file and found only moderate limitations in the four B criteria.[49] Further, the ALJ noted the February 1, 2018 report from Katherine Reid, Psy.D. who affirmed Dr. Haskin's opinion.[50]

Next, the ALJ proceeded to assign "great weight" to these state agency opinions as to both Maldonado's exertional and non-exertional limitations.[51] In assigning this weight, the ALJ specifically stated that they are "well supported with specific evidence to the medical record" and moreover consistent with the evidence as a whole. Crucially, he also stated in a conclusory phrase that there is "no objective evidence to the contradicting these findings," although he did not there explain the basis for that conclusion.

Then, the ALJ analyzed Maldonado's own testimony, finding that her allegations of symptoms are "partially consistent" with the evidence.[52] In that respect, the ALJ took note that Maldonado's activities of daily living are consistent with an RFC for light work.[53] Further, in a statement that seems inconsistent with the weight assessment of Dr. Christian just four paragraphs earlier, the ALJ concluded that "no treating source" has "described the claimant as 'totally and permanently disabled 'by her impairments and complaints."[54]

Finally, with the testimony of a vocational expert, the ALJ determined that Maldonado could work at three occupations subject to terms of the RFC: cleaner,

---

[49] *Id*. at 26.

[50] *Id*.

[51] *Id*.

[52] *Id*.

[53] *Id*.

[54] *Id*.

housekeeper; inspector/hand packer; and shirt presser.[55] He further found that jobs exist in sufficient number for all these occupations in the national economy.[56]

Therefore, Maldonado was found not disabled.[57]

## Issues on Judicial Review

Maldonado raises two related issues for judicial review:

1.  Whether substantial evidence supports the ALJ's residual functional capacity finding.

2.  Whether the ALJ applied [the] appropriate standards in the evaluation of the opinion of Ms. Maldonado's treating psychiatrist.[58]

## Analysis

### A.  Standards of Review

Initially, this matter is reviewed under the well-established standard of substantial evidence, which need no be restated here. Further, because the application for benefits was filed March 3, 2017, the analysis of medical opinions is reviewed under the former *Gayheart* test, since new regulations promulgating a new standard apply to applications filed after March 27, 2017.[59]

---

[55] *Id*. at 27-28.
[56] *Id*. at 28.
[57] *Id*.
[58] ECF No. 17 at 1.
[59] 20 C.F.R. § 416.920c.

**B.      Application of Standards**

Maldonado correctly characterizes the first issue as a claim that the ALJ failed to fully evaluate the current evidence of disability and instead relied on dated information and opinions that did not adequately consider her level of functioning at the time of the hearing. Thus, she asserts, the resulting RFC is not supported by substantial evidence.[60]

In that regard, I note first, as is stated above, that the ALJ here was specific in noting that he was not bound by the RFC from the prior 2015 decision because Maldonado had introduced new evidence documenting additional severe impairments "that impose additional and greater exertional and non-exertional limitations."[61] Yet, the ALJ later gave "great weight" to the opinions of state agency consultants that were all issued prior to February 2018, and which therefore did not consider the extensive clinical history dating from July 12, 2108, and related above, that documents worsening back pain that is supported by clinical evidence (x-rays and physical examinations) that show degenerative disc changes, facet arthropathy, spinal stenosis and bilateral sciatica.[62] Moreover, the clinical evidence that came into the record after the state agency opinions also documents extensive nerve block and ablation treatment for back pain that achieved mixed or temporary relief.[63]

---

[60] ECF No. 17 at 9.
[61] Tr. at 17.
[62] *Id.* at 24.
[63] *Id.*

While it is true that Maldonado did not submit any new opinion evidence to evaluate these clinical findings dating from July 2018, it is misleading, as the Commissioner contends, that the ALJ "reasonably considered all of the relevant objective evidence from the relevant period and … found that the medical consultants 'opinions were consistent with that evidence."[64] The ALJ did make conclusory, boilerplate statements that the state agency opinions were "consistent with the evidence as a whole" and "there is no objective evidence contradicting these findings," but he gave no explanatory details to support the conclusions. Specifically, after detailing multiple clinical findings of pain that were supported by objective evidence, all after July 2018, the ALJ failed to explain how it is that he could conclude that there was "no objective evidence" to contradict state agency opinions dating back more than a year that Maldonado had the physical capacity to stand or walk for six hours in a workday while sitting for two hours.

Again, the point here is not that the state agency opinions could never be reconciled with the post-July 2018 medical evidence, but that the ALJ made no attempt to do so on the record in a manner that makes his reasoning – not simply his conclusion - apparent to the claimant and reviewable by the court. Thus, I find that the RFC is not supported by substantial evidence.

## Conclusion

---

[64] ECF No. 20 at 5.

For the reasons stated, the decision of the Commissioner is hereby reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: September 30, 2021                    s/William H. Baughman Jr.
                                            United States Magistrate Judge